**XIU J. ZHAO, Petitioner,**

v.

**UNITED STATE DEPARTMENT OF JUSTICE, Attorney General and Immigration and Naturalization Service, Respondents.**

No. 03–40352–AG.

United States Court of Appeals, Second Circuit.

Feb. 3, 2006.

Xin Jin Zhao, New York, New York, for Petitioner.

Paul M. Warner, United States Attorney, District of Utah, Wayne T. Dance, Assistant United States Attorney, Salt Lake City, Utah, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. CHESTER J. STRAUB, and Hon. ROBERT D. SACK, Circuit Judges.

SUMMARY ORDER

Xiu Jin Zhao petitions for review of the July 2003 BIA decision denying a motion to reconsider the May 2003 BIA order denying a motion to reopen the September 2002 BIA decision affirming an immigration judge's ("IJ") decision denying her application for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history of this case.

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). The regulations provide that a motion to reconsider must specify errors of fact or law in the BIA's decision and be supported with pertinent authority. *See* 8 C.F.R. § 1003.2(b); *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 90 (2d Cir.2001).

In her brief, Zhao contests both the BIA's decision affirming the IJ's denial of relief and the order denying the motion to reconsider. However, as Zhao's petition for review was filed in August 2003, it was not timely with respect to the BIA's initial September 2002 decision affirming the IJ's denial of asylum and withholding of removal. *See* 8 U.S.C. § 1252(b)(1) (stating that a petition for review must be filed no later than 30 days after the date of a final order of removal).

The BIA denied Zhao's motion to reconsider because she did not offer new arguments based on a substantial change in law or establish an error of law or fact in the last decision that would materially affect the result in her case. Zhao's motion to reconsider rests in part on evidence already considered during her individual hearing and on direct appeal, *i.e.* her forced abortion and her fear of forced sterilization upon return to China. Zhao also noted in her motion to reconsider that her husband's employer had filed an application for alien employment, and that her husband would soon be eligible for an employment-based visa. As Zhao's assertions do not constitute changes in law or errors

of fact or law in the BIA's decision to deny her motion to reopen but rather merely reiterate her previous arguments and indicate possible changed personal circumstances, the BIA did not abuse its discretion in denying her motion to reconsider.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the stay of removal that the Court previously granted in this petition is VACATED.